IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARJORIE FOSTER, as Personal
Representative of SAMUEL E. FOSTER,

    Plaintiff,

vs.                                                                     Civ. No.  09-642 JP/DJS

SUN HEALTHCARE GROUP, INC.,
PEAK MEDICAL CORPORATION,
PEAK MEDICAL NM  MANAGEMENT SERVICES, INC.,
SILVERSTONE HEALTHCARE OF BLOOMFIELD, LLC, d/b/a
BLOOMFIELD NURSING AND REHABILITATION, and
WILLIAM J. KRYSTOPOWICZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 14, 2009, Defendants Sun Healthcare Group, Inc.; Peak Medical Corporation; and Peak Medical NM Management Services, Inc. (Sun/Peak Defendants) filed Defendants Sun Healthcare Group, Inc.'s, Peak Medical Corporation's and Peak Medical NM Management Services, Inc.'s Rule 12(B)(1) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Doc. No. 11)(Motion to Dismiss).  The Sun/Peak Defendants argue that the First Amended Complaint for Negligence, Negligence *Per Se*, and Breach of Actual and Implied Contract (Doc. No. 7)(First Amended Complaint) should be dismissed with prejudice for lack of federal subject matter jurisdiction.  Specifically, the Sun/Peak Defendants contend that Plaintiff has failed to properly plead federal diversity jurisdiction and has failed to demonstrate that there is complete diversity of citizenship between herself and the Sun/Peak Defendants.  Plaintiff asserts that she has properly pled diversity jurisdiction, but if the Court finds otherwise, she asks the Court for permission to amend the First Amended Complaint to properly plead federal

jurisdiction. Plaintiff also argues that the facts support her assertion that there is indeed complete diversity of citizenship. Having reviewed the briefs and relevant law, the Court concludes that: 1) Plaintiff's request to amend the First Amended Complaint to properly plead diversity jurisdiction should be denied; and 2) the Motion to Dismiss should be granted in that the First Amended Complaint is subject to dismissal without prejudice for lack of federal subject matter jurisdiction.

*A. Factual Background*

This lawsuit arises from injuries Samuel Foster suffered while he resided at Bloomfield Nursing and Rehabilitation located in Bloomfield, New Mexico. According to Plaintiff, Mr. Foster's personal representative, the Sun/Peak Defendants owned and/or operated Bloomfield Nursing and Rehabilitation as did Defendants Silverstone Healthcare of Bloomfield, LLC, d/b/a Bloomfield Nursing and Rehabilitation (Silverstone); and William J. Krystopowicz.

*1. The Previous State Court Lawsuit*

Plaintiff first brought suit on behalf of Mr. Foster in state court. Complaint, Ex. A (attached to Motion to Dismiss).[1] Plaintiff alleged in the state complaint that she was a resident of New Mexico; that Defendant Sun Healthcare Group, Inc. (Sun) was incorporated in Delaware with its principal place of business in Irvine, California; and that Defendant Peak Medical Corporation (Peak) was merged into Sun and had its principal place of business in Albuquerque,

---

[1] On October 21, 2009, the Court granted Defendants Sun Healthcare Group, Inc.'s, Peak Medical Corporation's and Peak Medical NM Management Services, Inc.'s Request for Judicial Notice (Doc. No. 12) and took judicial notice of Sun/Peak Defendants' Exhibits A, B, C, and D which are various state court pleadings. Order (Doc. No. 20).

New Mexico.[2]  *Id*. at ¶¶1, 3, and 4.  Plaintiff subsequently dismissed without prejudice the claims against the corporate defendants including Sun and Peak.  Ex. B (attached to Motion to Dismiss).

Plaintiff then filed Plaintiff's Second Amended Complaint.[3]  Ex. C (attached to Motion to Dismiss).  This time, Plaintiff did not include Sun as a defendant but named as defendants Silverstone; Peak Medical NM Management Services, Inc. (Peak NM); and Peak.[4]  Plaintiff indicated in Plaintiff's Second Amended Complaint that Silverstone, Peak NM, and Peak Medical Corporation were all incorporated in Delaware, and that Peak NM and Peak's registered agent, Michael T. Berg, was located in Albuquerque, New Mexico.  *Id*. at ¶¶ 2, 3, and 4.  Ultimately, the state district court dismissed the lawsuit without prejudice for failure to prosecute.  Disposition Order for Lack of Prosecution, Ex. D (attached to Motion to Dismiss).

   *2. The Federal Lawsuit*

The Plaintiff subsequently filed a federal action on behalf of Mr. Foster.[5]  Plaintiff alleges in this action that she is a resident of New Mexico; that Sun and Peak are "foreign" corporations with a registered agent in Lea County, New Mexico; that Peak NM and Silverstone are "foreign" corporations with a registered agent in Santa Fe, New Mexico; and that Mr. Krystopowicz is a resident of Georgia.  First Amended Complaint at ¶¶2, 4, 5, 6, 7, and 8.  *See*

---

[2]Plaintiff also sued in state court SunBridge Healthcare Corporation and Jane Does 1, 2, and 3, parties not sued in this federal lawsuit.

[3]The Court is unaware if there was a first amended complaint.

[4]Plaintiff continued to sue Jane Does 1, 2, and 3.

[5]The First Amended Complaint in this lawsuit mirrors the original federal complaint with respect to allegations of diversity of citizenship.

*also* Returned Summonses (Doc. Nos. 5, 6, and 8).

### 3. *Affidavit of Michael Berg*

The Sun/Peak Defendants submitted Mr. Berg's affidavit in further support of their motion to dismiss. Mr. Berg indicates in his affidavit that he is the Secretary for all three of the Sun/Peak Defendants and that as an officer of these corporations he is a "custodian[] of records and [has] first-hand knowledge of each company's management and structure." Doc. 19 at ¶2. Mr. Berg also notes that "Sun is the parent corporation and holding company for Peak. Peak is the parent and holding company for Peak NM. Peak NM provided management services to healthcare facilities located in the State of New Mexico." *Id*. at ¶3. Moreover, Mr. Berg states that each of the Sun/Peak Defendants is incorporated in Delaware and that the principal place of business of each is in New Mexico. *Id*. at ¶4. Mr. Berg further indicates that the corporate headquarters of each of the Sun/Peak Defendants are located in Albuquerque, New Mexico at 101 Sun Ave. NE. *Id*. Finally, Mr. Berg states that

> The Albuquerque office is also the locus of each company's federal and state regulatory affairs and is also the primary contact point for the business community and the public. All of the companies' back office operations, including MIS, finance, human resources, and the like, operate from the Albuquerque, New Mexico campus. Each company's supervisory decisions and business operations decisions are made in Albuquerque, New Mexico.
>
> 5. Sun, Peak NM, and Peak were qualified to do business in New Mexico and virtually all of the corporate business conducted by the companies is conducted in New Mexico. The day-to-day operations of each company are run exclusively in New Mexico.
>
> 6. In addition, Peak NM has never done business with any facility outside the state of New Mexico.

*Id*. at ¶¶4, 5, and 6.

*4. Other Evidence Regarding Sun's Citizenship*

Sun's August 7, 2009 Form 10-Q filing with the Securities and Exchange Commission shows that Sun is a Delaware corporation whose registrant (issuer of securities) can be contacted in Irvine, California.  Ex. A at 1 (attached to Plaintiff's Amended Response to Defendants Sun Healthcare Group, Inc.'s, Peak Medical Corporation's and Peak Medical NM Management Services, Inc.'s Rule 12(B)(1) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 17)(Amended Response), filed Sept. 1, 2009).  The Form 10-Q further shows that Sun operated "207 healthcare centers in 25 states as of June 30, 2009."  *Id*. at 8.  The Form 10-Q notes that in 2004 Sun filed a state lawsuit against two subsidiaries of American International Group in Orange County, California to determine insurance coverage issues.  *Id*. at 52.

Sun also posted on its website two news releases dated June 3, 2009 and July 23, 2009, respectively, which refer to Irvine, California as the origin of the news releases and state that Sun has "executive offices in Irvine, California."  Ex. C at 1 and 2 (attached to Amended Response).  Nonetheless, the news releases listed New Mexico telephone numbers for investor and media inquiries.  *Id*.  One other news release dated August 5, 2009 likewise indicated that it originated from Irvine, California.  *Id*. at 3.  Finally, Sun's website lists an Irvine, California address for "Corporate Contact Info."  Ex. B (attached to Amended Response).

B. *Discussion*

The Sun/Peak Defendants argue that this lawsuit should be dismissed with prejudice for lack of subject matter jurisdiction because 1) Plaintiff failed to plead in the First Amended Complaint the states where the Sun/Peak Defendants were incorporated and she failed to plead the location of their principal places of business; and 2) the evidence shows that there is not complete diversity of citizenship between the Plaintiff and the Sun/Peak Defendants.

*1. Failure to Plead Facts Showing Diversity of Citizenship*

To begin with, the Court *sua sponte* examines the issue of citizenship with regard to Plaintiff and Mr. Krystopowicz.  *See, e.g., Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)(court can *sua sponte* raise issue of federal subject matter jurisdiction during any stage of the lawsuit).  In examining the citizenship question, the Court assesses diversity of citizenship at the time the federal action was filed.  *See, e.g., Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991)(it is a "well-established rule that diversity of citizenship is assessed at the time the action is filed."). Plaintiff alleges in both her original federal complaint and the First Amended Complaint the states where she and Mr. Krystopowicz reside instead of the states where they are citizens.  28 U.S.C. §1332(a)(1) explicitly states that to establish diversity jurisdiction the cause of action must be between "<u>citizens</u> of different States...."  Emphasis added.  An allegation of residency "is not equivalent to an allegation of citizenship in that state.  Such an allegation is insufficient to confer jurisdiction upon the District Court."  *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 112 F.2d 940, 943 (10th Cir. 1940).  However, a defective allegation of "residence" rather than "citizenship" does not require dismissal of the lawsuit if it is otherwise clear that there is diversity of citizenship.  *DeVries v. Starr*, 393 F.2d 9, 11 (10th Cir. 1968).  Under these circumstances, the Court is permitted to examine the record to determine if the allegation of "residence" was intended to mean that the party was a citizen of that state.  *Kelleam*, 112 F.2d at 943.  Moreover, "[p]roof that a person is a resident of a state is prima facie evidence that he is a citizen thereof, and shifts the burden of showing that his domicile and citizenship is other than the place of his residence to him who alleges it."  *Id*.  In this case, there is nothing other than Plaintiff's conclusory allegations of residency to show that at the time Plaintiff filed this federal lawsuit she resided in New Mexico

6

or that Mr. Krystopowicz resided in Georgia, let alone that they were citizens of those respective states. Hence, Plaintiff has failed to properly plead diversity of citizenship with regard to herself and Mr. Krystopowicz.

To properly plead corporate citizenship of the Sun/Peak Defendants, Plaintiff must have alleged in her federal complaint the states where the Sun/Peak Defendants were incorporated and the states where they have their principal places of business, if those states are different from the states of incorporation. *See* 28 U.S.C. 1332(c)(1). Plaintiff did not do this; all she alleged was that the Sun/Peak Defendants were "foreign" corporations. Nonetheless, as indicated above, the Court can examine the record to determine if there is indeed diversity of citizenship between the Sun/Peak Defendants and Plaintiff. Here, the exhibits accompanying the motion to dismiss and the briefs provide an ample record from which the Court can determine citizenship of the Sun/Peak Defendants.

Rather than directly analyzing the facts concerning the citizenship of the Sun/Peak Defendants, Plaintiff contends that should the Court determine that she failed to properly plead diversity jurisdiction, the Court should allow her to amend the First Amended Complaint to properly plead diverse citizenship. *See* 28 U.S.C. §1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Although the Court would consider allowing Plaintiff to amend the First Amended Complaint to reflect the proper citizenship of herself and Mr. Krystopowicz, it would be futile to allow Plaintiff to amend the First Amended Complaint with respect to the Sun/Peak Defendants. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)(even if Fed. R. Civ. P. 15(a)(2) provides that a motion to amend a complaint should be freely given "when justice so requires," the district court can deny a motion to amend if amending the complaint would be "futile," i.e., if the amended complaint

would still be subject to dismissal.). As discussed *infra*, the Court concludes that the facts simply fail to show complete diversity of citizenship between Plaintiff and the Sun/Peak Defendants. Hence, Plaintiff's request to amend the First Amended Complaint will be denied and the Court will analyze the citizenship of the Sun/Peak Defendants.

   *2. Citizenship of the Sun/Peak Defendants*

Here, it is uncontested that the Sun/Peak Defendants were incorporated in Delaware and therefore, are citizens of Delaware. The Sun/Peak Defendants, however, also assert that they are citizens of New Mexico because their principal place of business is in Albuquerque, New Mexico. Assuming that Plaintiff is a citizen of New Mexico, there would not be complete diversity of citizenship in that situation.[6] *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005)(diversity jurisdiction requires complete diversity of citizenship between the plaintiff and all defendants). Plaintiff contends, on the other hand, that the principal place of business for the Sun/Peak Defendants is in Irvine, California, thereby creating complete diversity of citizenship between herself (again assuming Plaintiff is a citizen of New Mexico) and the Sun/Peak Defendants.

"The party asserting jurisdiction ... bears the burden of proving its existence once it is challenged." *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 914 (10th Cir. 1993). A district court's determination of a corporation's principal place of business is a question of fact subject to a clearly erroneous standard of review. *See, e.g., Shell Rocky Mountain Production,*

---

[6] The Sun/Peak Defendants also cite to 28 U.S.C. §1441(b) to support their motion to dismiss. Section 1441(b) states that an action based on federal diversity jurisdiction can be removed to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Section 1441(b), however, is inapplicable to this lawsuit because this lawsuit was not removed from state court.

*LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005)(citing *Amoco*, 7 F.3d at 914). "In *Amoco Rocmount*, [the Tenth Circuit] adopted the 'total activity' approach to the principal place of business determination, in which a court 'considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case.' This approach 'does not hinge on one particular facet of corporate operations, but on the total activity of the company considered as a whole.'" *Id*. (citations omitted). Nevertheless, "emphasis typically should be placed on the locus of operations rather than where policymaking functions are carried out." Wright, Miller, & Cooper, 13F Federal Practice and Procedure §3625 at 115 (2009)(earlier 1984 edition quoted in *Shell Rocky Mountain Production, LLC*, 415 F.3d at 1163). Additionally, "when a corporation has substantial contacts with several states other than that of its state of incorporation, a 'visibility' test may be employed to designate the place where that corporation's presence is most apparent to the public and that would be its principal place of business." *Id*. at 102-04 (1984 edition quoted in *Shell Rocky Mountain Production, LLC*, 415 F.3d at 1163).

With respect to the principal place of business for subsidiary corporations, the general rule is "that a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction." *Id*. at 127-29 (1984 edition cited in *Shell Rocky Mountain Production, LLC*, 415 F.3d at 1163). "However, if the parent corporation is involved in an action, its activities may be merged with those of its subsidiaries in determining the principal place of business, unless there is reality to the separation between the two entities. Whether a subsidiary is a separate entity for diversity purposes is a question of fact, and courts consider such matters as the degree of control by the parent corporation, the relationship of the activities of the subsidiary to the activities of the parent, the overlap in membership of the board of

9

directors, and the maintenance of separate corporate books." *Id*. at 134-35.  In other words, if a subsidiary is merely an alter ego or agent of the parent corporation, the Court can look to the parent's principal place of business in deciding the location of the subsidiary's principal place of business.  *See Shell Rocky Mountain Production, LLC*, 415 F.3d at 1163.

The Sun/Peak Defendants argue that under the total activity test it is clear that Plaintiff has failed to prove that their principal place of business is in Irvine, California.  Plaintiff asserts that the evidence does not support this argument.  First, Plaintiff contends that "the Court should disregard Mr. Berg's affidavit because it merely contains conclusory and vague self-serving assertions which are unsupported by any admissible facts."  Amended Response at 4.  Under Fed. R. Civ. P. 56(e), for example, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  The Court should disregard an affidavit if "it is conclusory, vague, and/or lacking in foundation."  *Mitchael v. Intracorp, Inc.*179 F.3d 847, 855 n.9 (10th Cir. 1999).

In this case, Mr. Berg states that his affidavit was based on his "first-hand knowledge of each company's management and structure."  Doc. 19 at ¶2.  Plaintiff has not presented any evidence that this statement is untrue.  In fact, this statement of knowledge is supported by Mr. Berg's representation that he holds the office of Secretary for each of the Sun/Peak Defendants and is a custodian of records.  *Id*.  Furthermore, Plaintiff does not argue why the facts set out in Mr. Berg's affidavit would be inadmissible when those facts are based on Mr. Berg's personal knowledge and access to records.  In addition, Plaintiff fails to assert that Mr. Berg is somehow incompetent to testify as a Secretary and custodian of records.  Mr. Berg's statements are also not vague or conclusory.  He supports his conclusions regarding the Sun/Peak Defendants' principal place of business and corporate headquarters with a specific New Mexico address and

lists the various corporate activities that take place there.  The Court, therefore, rejects Plaintiff's request to disregard Mr. Berg's affidavit.

Next, Plaintiff focuses on the evidence regarding Sun's principal place of business because she believes that the Sun/Peak Defendants conceded "that the principal place of business for Sun Healthcare Corporation, Inc., is determinative of the principal place of business for each of the other Sun Defendants."  Amended Response at 5.  Plaintiff cites to the Motion to Dismiss at 5 and Mr. Berg's affidavit at ¶¶3 and 4 in which both the Sun/Peak Defendants and Mr. Berg, respectively, state that Sun is the parent corporation and holding company for Peak and that Peak is the parent corporation and holding company for Peak NM.  The Sun/Peak Defendants deny that they conceded that Sun's principal place of business is determinative of the principal place of business for Peak and Peak NM.  The Court agrees.  By spelling out the relationships between the Sun/Peak Defendants, the Sun/Peak Defendants hardly conceded that the only principal place of business to be considered is Sun's.  As noted above, a subsidiary corporation ordinarily has its own principal place of business unless the evidence shows that the subsidiary and the parent corporation are not in reality separate.  Plaintiff has not argued or produced evidence showing that Peak and Peak NM are not really separate from Sun.

In considering the principal place of business for Peak NM, the Court concludes that the undisputed evidence demonstrates that Peak NM conducted all of its business in New Mexico. *See* Mr. Berg's affidavit (Doc. No. 19).  Hence, Peak NM's principal place of business is in New Mexico.  That fact alone destroys complete diversity of citizenship if it is assumed Plaintiff is also a citizen of New Mexico.  Plaintiff has simply failed to show that the principal place of business for Peak NM is anywhere other than New Mexico.  *See Amoco*, 7 F.3d at 916 ("Diversity jurisdiction is premised upon the parties being from different states; which states

11

those happen to be is not relevant if the party can be served, as long as it is clear that the possibilities do not include states that would destroy diversity."). Complete diversity is destroyed by the presence of Peak NM as a defendant.

Even if the Court considers the evidence regarding the principal place of business for Sun, the Court finds that the bulk of Sun's "daily operating and management activities" occurred in New Mexico. *See* Wright, Miller, & Cooper, 13F *Federal Practice and Procedure* §3625 at 108 (2009)("Regardless of which test or tests the court employs, as a general rule the location of daily operating and management activities, is likely to govern the district court's choice of a principal place of business for purposes of applying Section 1332(c)."); Mr. Berg's affidavit (Doc. No. 19). Sun's only relevant connections to Irvine, California are that its securities registrant is located there, it listed an Irvine corporate contact address on a website, the "executive" offices are purportedly in Irvine, and a few news releases originated from there. Simply having a registrant and a corporate contact address in California does not outweigh all of the corporate activity in New Mexico. Moreover, even assuming that policy decisions are made in the California "executive" offices, the Court believes that more important in determining corporate citizenship is the locus of operations, which appears to be in New Mexico. It is also significant to note that the news releases referred readers to New Mexico telephone numbers for investor and media inquiries. These kinds of New Mexico references are clearly meant to reach out to the public and provide further evidence, in addition to Mr. Berg's affidavit, that Sun's business is most visible in New Mexico. Furthermore, although Sun filed a state lawsuit in California, that lawsuit is not definitive evidence of a California principal place of business; it merely shows that, at the most, a California venue for the lawsuit was appropriate. Finally, the fact that Plaintiff listed Irvine, California as Sun's principal place of business in her original state

court complaint is not meaningful because Sun's principal place of business was not an issue in the state case. *See Sain v. EOG Resources, Inc.*, 204 Fed. Appx. 739, 742 (10th Cir. 2006)(unpublished). Considering Sun's total activities, the Court finds that Sun maintained its principal place of business in New Mexico and concludes, therefore, that complete diversity of citizenship did not exist between Sun and Plaintiff (again assuming her state of citizenship is New Mexico).  In sum, Plaintiff has failed to carry her burden of demonstrating that there is diversity jurisdiction.  Consequently, this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.[7]

IT IS ORDERED that:

1.  Plaintiff's request to amend the First Amended Complaint to properly plead diversity jurisdiction is denied; and

2.  Defendants Sun Healthcare Group, Inc.'s, Peak Medical Corporation's and Peak Medical NM Management Services, Inc.'s Rule 12(B)(1) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Doc. No. 11) is granted in that this federal court action will be dismissed without prejudice for lack of federal subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Although the Sun/Peak Defendants moved to dismiss this case with prejudice, the Court cannot do so because a dismissal for lack of subject matter jurisdiction is not on the merits. *See, e.g., Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).